RECEIVED
IN LAKE CHARLES, LA
FEB 26 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-0 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JUSTIN MICHAEL GREEN | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's objections to ¶¶ 9, 10, 16, and 44 do not affect the guideline computation and do not require a ruling by the court.

The defendant objects to ¶23 and insists that he was involved with less than 15 kilograms of cocaine and his base offense level should be reduced to 32. In the Plea Agreement guidelines calculations and Stipulated Factual Basis, the defendant stipulated that his relevant conduct involved possession with intent to distribute at least 15 kilograms of cocaine. He also verbalized this stipulation during his plea colloquy.

Pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 1B1.3 (a)(1)(B) (2008), in determining the proper base offense level to apply to a defendant involved in a drug conspiracy, the defendant is responsible for his own acts, as well as for "all reasonably foreseeable acts" of his co-conspirators taken in furtherance of the joint criminal activity. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir.1999); *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir.1993). The

Guidelines do not require precise calculations of drug quantity, as the district court's approximation is not clearly erroneous if supported by competent evidence. *Randall,* 171 F.3d at 210. This court is adopting the findings contained in the PSR therefore the defendant bears the burden of establishing that the information is incorrect, as "mere objections are insufficient." *Id.* at 210-11. Absent such a showing, the defendant's objection is OVERRULED.

The defendant also objects to ¶26 asserting that he was a minimal participant and as such, should receive a four level decrease. Once again, the defendant stipulated to the terms of the plea agreement which stated that he is entitled to a two-level decrease as a minor participant. This two-level decrease was included in his guideline computation.

The defendant bears the burden of proving by a preponderance of the evidence his entitlement to the minor participant adjustment. *United States v. Bermudez-Trevino,* 283 Fed.App'x. 258, 260, 2008 WL 2510634, 1 (5th Cir. 2008); *United States v. Smith,* 2008 WL 4679545, 2 (6th Cir. 2008); *United States v. Deavours,* 219 F.3d 400, 404 (5th Cir.2000). Absent such evidence, the defendant's objection is overruled.

Lake Charles, Louisiana, this 25 day of February, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2